**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MONNA GRAY** **PLAINTIFF**

**vs.** **No. 4:26-cv-822 JM**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY** **DEFENDANT**

**ORDER**

Pending is Defendant's partial motion to dismiss. (Doc. No. 5). Plaintiff responded and Defendant filed a reply. For the reasons stated below, the motion is granted.

Defendant seeks to have Plaintiff's claim of bad faith dismissed pursuant to Rule 12(b)(6). "Under Arkansas law, a plaintiff claiming an insurer acted in bad faith must prove the insurer 'engaged in affirmative misconduct that was dishonest, malicious, or oppressive,' 'in an attempt to avoid its liability under an insurance policy." *Tilghman v. Allstate Prop. & Cas. Ins. Co.*, 22 F.4th 752, 755 (8th Cir. 2022) *(*quoting *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005) and *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984).

Plaintiff's allegations that Defendant consented to a third-party settlement, acknowledged receipt of Plaintiff's settlement demand, and failed to respond to it for nearly two months is not sufficient to state a claim for bad faith under Arkansas law. Missing is any allegation of affirmative misconduct or conduct that was dishonest, malicious, or oppressive. If Plaintiff uncovers any affirmative misconduct in the course of discovery, she can request leave to amend her complaint.

To the extent that Plaintiff may have intended to state a claim for declaratory judgment, she did not. Defendant's motion to dismiss on this point is also granted.

Therefore, Defendant's motion to dismiss Plaintiff's claim of bad faith (Doc. No. 5) is GRANTED.

IT IS SO ORDERED this 1st day of October, 2026.

James M. Moody Jr.
United States District Judge